Matter of Staten Is. Care Ctr. v Zucker (2023 NY Slip Op 00191)

Matter of Staten Is. Care Ctr. v Zucker

2023 NY Slip Op 00191

Decided on January 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 17, 2023

Before: Kapnick, J.P., Friedman, Kennedy, Mendez, Shulman, JJ. 

Index No. 157822/21 Appeal No. 17118 Case No. 2022-00352 

[*1]In the Matter of Staten Island Care Center, Petitioner,
v
Howard A. Zucker, M.D., etc., Respondent.

Neiman & Mairanz, P.C., New York (Theodore T. Mairanz of counsel), for petitioner.
Letitia James, Attorney General, New York (Blair J. Greenwald of counsel), for respondent.

Determination of respondent New York State Department of Health (DOH), dated April 21, 2021, which affirmed a determination by DOH's Office of the Medicaid Inspector General (OMIG) to recover Medicaid Program overpayments and interest from petitioner, Staten Island Care Center, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Arthur Engoron, J.], entered January 21, 2021), dismissed, without costs.
Substantial evidence supports DOH's determination that petitioner, a nursing home operator, received Medicaid overpayments based on petitioner's failure to deduct uncollected amounts of patients' net available monthly income (NAMI) before submitting reimbursement claims. "[U]ncollected NAMI is not reimbursable" by Medicaid as a matter of federal law (Florence Nightingale Nursing Home v Perales , 782 F2d 26, 28 [2d Cir 1986], cert denied 479 US 815 [1986]; see also 42 CFR 435.725[a][1]). Nor is Medicaid reimbursement of uncollected NAMI required under state law. NAMI payments are used to establish individuals' Medicaid eligibility (18 NYCRR 360-4.1[b][1]; 360-4.8[c][1]), and DOH regulations provide that "no [Medicaid] payment will be made for those incurred medical expenses used to establish eligibility" (id. § 360-4.8[c][1]). Contrary to petitioner's assertion, 10 NYCRR 86-2.17 does not require the state Medicaid Program to reimburse uncollected NAMI as a "bad debt." That provision adopts Medicare principles for purposes of DOH's prospective rate-setting formula, not for retroactive reimbursements (see 10 NYCRR 86-2.10; 86-2.17). Medicare reimburses a narrow category of bad debts if they are "attributable to . . . deductibles and coinsurance amounts" for Medicare-covered services and if they meet several other fact-sensitive requirements (42 CFR 413.89[a], [e]), which petitioner fails to show are met here. OMIG's audit report and witness testimony support DOH's determination that Medicaid overpaid petitioner for these nonreimbursable amounts.
DOH's determination of interest is also supported by substantial evidence. The ALJ reasonably relied on OMIG's presumptively accurate "[c]omputer-generated documents" showing "the nature and amount of payments," as well as the payment dates, to affirm OMIG's interest calculation (18 NYCRR 519.18[f]; see also 18 NYCRR 518.4[b]). Because the audit was of petitioner's already paid claims, not "an audit of its costs," the 90-day interest-free period required for cost audits does not apply here (id. § 518.4[e]). Petitioner's argument that OMIG incorrectly calculated interest from the processing date rather than the payment date is precluded because it failed to raise that objection in response to OMIG's draft audit report (see 18 NYCRR 517.5[c]; 519.18[a]). Were we to consider that argument, we would find that it does not support overturning OMIG's interest calculations.
We have considered petitioner's [*2]remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 17, 2023